## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:23-CR-30016-NJR-2 |
| CHELCI R. JOHNSON, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Chelci R. Johnson.[1] (Doc. 84). Ms. Johnson asks the Court to release her pursuant to 18 U.S.C. § 3582(c)(1)(A) so that she can care for her young son, K.D. (*Id.*). The Government filed a response in opposition. (Doc. 89). After considering the parties' briefs and exhibits, the Court denies Ms. Johnson's motion.

### BACKGROUND

On February 20, 2014, the undersigned sentenced Ms. Johnson to a term of 26 months' imprisonment in the Bureau of Prisons after she pleaded guilty to knowingly possessing with intent to unlawfully use five or more identification documents in violation of 18 U.S.C. § 1028(a)(3), possessing 15 or more unauthorized access devices with the intent to defraud in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 73 p. 3). Ms. Johnson and her husband,

---

[1] Ms. Johnson reports that she has married Jamaine Brooks, the co-defendant in her case, and has taken his last name. For the avoidance of confusion, the Court will refer to the defendant by her former name.

Jamaine Brooks, had been found by law enforcement with numerous fraudulent checks and financial documents, including 23 state-issued identification cards and 39 fraudulent credit and debit cards. (*Id.* at p. 6).

On November 3, 2023, the Court sentenced Mr. Brooks to a 25-month term of imprisonment, to be followed by three years of supervised release. He was released from custody in September 2024 and responsibility for his supervision was transferred to the Northern District of Indiana. *See* (Doc. 89-2 p. 2). Unfortunately, Mr. Brooks violated his conditions of supervised release in early 2025 by testing positive for various controlled substances, including marijuana, ecstasy, and cocaine. (*Id.* at 2-3). The Honorable Holly A. Brady sentenced him to an 18-month term of imprisonment followed by a new term of 18 months of supervised release. *See* Doc. 50, *United States v. Brooks*, No. 24-00046 (N.D. Ind.). His release from custody is scheduled for June 2, 2026. *See* Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 11, 2026). Ms. Johnson presently is scheduled to be released from BOP custody on October 29, 2026. *Id.*

In her Motion for Compassionate Release, Ms. Johnson states that she had anticipated Mr. Brooks would be available to care for their young son, K.B, while she was in custody.[2] With Mr. Brooks now in custody himself, responsibility for caring for their child has fallen to her 76 year-old mother in-law, who she reports can take care of K.B. "for a few days but not for weeks or months." (Doc. 84-3 p. 3). Johnson notes that she did well on pre-trial release and argues that the amount of time she has spent in prison is

---

[2] Indeed, the Court delayed Ms. Johnson's self-surrender date to align with the date of Mr. Brooks's anticipated release from BOP custody. (Doc. 92 pp. 15-16). K.B. was approximately nine-months old at the time of sentencing. (*Id.* at p. 10).

sufficient to promote respect for the law. In a follow-on letter to the Court dated September 9, 2025, Johnson proposes that the remainder of her term could be converted to home confinement.

In response, the Government argues that Johnson has failed to demonstrate that she exhausted her request for relief with the warden of her prison. That aside, it contends that the most-applicable policy statement defining "extraordinary and compelling reasons" does not apply to these circumstances because Mr. Brooks's incarceration does not make him "incapacitated" as that term is defined by BOP regulations. The Government adds that Ms. Johnson has failed to establish that she is her son's only available caregiver, as her mother-in-law presently is serving in that capacity. The Government also argues that the § 3553(a) factors do not favor release. It highlights that the BOP disciplined Ms. Johnson for possessing two bags of mushrooms. (Doc. 89-3).

## DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). One exception allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). A federal prisoner may bring a motion for compassionate release after exhausting the administrative remedies provided by the BOP. *Id.*

The Government argues that Ms. Johnson failed to fully exhaust her administrative remedies through the BOP. That may have been true when she filed her motion, but it stands as no barrier to considering her motion now. Ms. Johnson attached

to her motion several messages she sent to the warden of her facility seeking compassionate release in connection with her son. (Doc. 84-3). The First Step Act of 2018 authorizes an inmate to bring a motion for a reduction in sentence after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). At this point, more than 30 days have passed since Ms. Johnson requested relief from her facility in February 2025. And even if her initial motion was premature, the Court would construe her follow-on September 2025 letter to the Court (Doc. 96) as a timely motion for compassionate release.

The Seventh Circuit has described a two-step process for evaluating a prisoner's motion for compassionate release. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

In 2023, the U.S. Sentencing Commission amended a policy statement to provide that certain family circumstances of a defendant can constitute "extraordinary and compelling reasons" for compassionate release. U.S.S.G. § 1B1.13(b)(3). Relevant here, these circumstances include "[t]he death or incapacitation of the caregiver of the defendant's minor child." *Id.* § 1B1.13(b)(3)(A).

Here, it is obvious that Mr. Brooks is unavailable to care for K.B. The Government argues that his incarceration does not satisfy the Policy Statement's "incapacitation" requirement because the BOP defines "incapacitation" to require that a caregiver suffer

from a "severe injury" or "severe illness" that renders them incapable of caring for the child. *See* BOP Program Statement 5050.50, at 7; *United States v. Reedy*, No. 18- 00087-2, 2024 WL 5247954, at *11 (N.D. Ill. Dec. 30, 2024) (construing "incapacitation" partially by reference to the BOP's program statements); *but see United States v. Soto*, No. 10-20635, 2024 WL 4846837, at *5 (E.D. Mich. Nov. 20, 2024) (observing that "the BOP's views are not necessarily those of the Sentencing Commission").

This Court need not decide that question because the record reflects that Ms. Johnson's mother-in-law is K.D.'s caregiver. There is no indication that *she* is incapacitated. Ms. Johnson writes that her mother-in-law can take care of K.D. "for a few days but not for weeks or months." (Doc. 84-3 p. 3). The Court is not able to derive from this statement any suggestion that Ms. Johnson's mother-in-law has become incapacitated in any sense of the term. Absent additional evidence, the Court is unable to find that Ms. Johnson's desire to care for her son qualifies as an extraordinary and compelling reason for release.

The undersigned is certainly sympathetic to Ms. Johnson's request. But *many* prisoners have children who would benefit from the presence of a parent. At present, K.D. is being cared for by a family member, and there is no evidence that his life or safety are at risk. Ms. Johnson's preference to care for her child herself is not an extraordinary and compelling reason for release. *See United States v. Gonzalez*, No. 11- 26, 2025 WL 2984715, at *4 (N.D. Ind. Oct. 22, 2025) (recognizing that "most prisoners' families suffer hardships due to the prisoners' incarceration").

CONCLUSION

For these reasons, the Motion for Compassionate Release filed by Defendant Chelci R. Johnson (Doc. 84) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   February 11, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**